## STROOPE v. BYRD et ux.

### No. 3042.

Court of Civil Appeals of Texas. Beaumont.

Jan. 21, 1937.

S. H. Townsend and T. F. Coleman, both of Lufkin, for appellant.

B. L. Collins, of Lufkin, for appellees.

WALKER, Chief Justice.

This appeal is before us on briefs by appellant, but without briefs by appellees.

By their warranty deed dated October 26, 1931, appellees, D. B. Byrd and wife, sold to appellant, M. B. Stroope, "all that certain tract, lot or parcel of land lying and being situated in Angelina County, Texas, and in the town of Huntington, Texas, and being Lot No. 42Y according to the plat of the L. S. Yancy subdivision of a portion of the Southern portion of Block No. 56 of the original town of Huntington and Lots Numbers One (1), Two (2), Three (3) in Block Number One (1) of the Renfro Addition to the town of Huntington, Texas, said map of the Yancy subdivision filed in the records of real estate of Angelina County, Texas." Lots Nos. 1, 2, and 3, as described in this deed, were identical with "Lots 43Y, 44Y, and 45Y, in the L. S. Yancey consolidated and subdivision of a portion of Block 56, of the original town of Huntington, and of Block 1, of the Renfro Addition, according to plat of said consolidation which is of record in Book 1, page 96, of the Map Records of Angelina County, Texas, to which reference is here made, being three lots of land in the town of Huntington, Angelina County, Texas." By their original petition in the form of trespass to try title filed on January 26, 1934, appellees sued appellant for the title and possession of lots 43Y, 44Y, and 45Y as described above. Appellant answered by demurrers, plea of not guilty, etc. There was no pleading by appellees of fraud, accident, or mistake in the execution of the deed by them to appellant, nor any prayer for reformation of that deed. On trial, over appellant's exception, appellees were permitted to testify that by their trade with appellant they were to sell him only lot No. 42Y as described in their deed, and that they did not sell him the other property described in the deed, and that it was not the intention of either party to the transaction to include in the deed lots Nos. 1, 2, 3, and 4 as described therein. The trial court submitted the case to the jury on the following issue: "Do you find from a preponderance of the evidence that it was the intention of D. B. Byrd and wife, Edna Byrd to convey the three lots in controversy (being Lots 43Y, 44Y and 45Y of the Yancey Addition to the town of Huntington), and that it was the intention of M. B. Stroope to purchase the three lots mentioned above, at the time the deed was executed by D. B. Byrd and wife, Edna Byrd to M. B. Stroope?" On the verdict of the jury, judgment was entered in favor of appellees against appellant for the property in controversy.

## Opinion.

The testimony of appellees that it was not the intention of the parties to their deed of October 26, 1931, to include lots 1, 2, and 3 varied the terms of the deed, and was, therefore, inadmissible on that ground; for this testimony to be admissible, appellees should have pleaded fraud, accident, or mistake in the execution of the deed, and should have prayed for its reformation. With this deed outstanding against them, appellees could maintain their action in trespass to try title only by reforming their deed to appellant. McCampbell v. Durst, 15 Tex.Civ. App. 522, 40 S.W. 315.

The jury was also guilty of misconduct in deliberating upon their verdict, in that they agreed to be bound by the majority vote. On their examination, the jurors testified that they understood the effect of their answer to the question submitted to them; that, on a negative answer, appellees would recover, and on an affirmative answer, appellant would recover. On the first ballot the vote was seven in favor of appellees and five in favor of appellant. The five yielded to the seven, and verdict was returned accordingly.

Appellant prayed that the judgment of the lower court be reversed and judgment here rendered in his favor. This prayer is denied. On the statement of the case made above, appellees, on proper pleading, can raise the issue of "mistake" in the execution of their deed to appellant.

For the reasons stated, the judgment of the lower court is reversed and cause remanded for a new trial.